# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JACOB WOODS,

    Plaintiff

v.

WARDEN BREITENBACH, et al.,

    Defendants

Case No.: 3:23-cv-00635-MMD-CSD

**Order**

Re: ECF Nos. 37, 39, 40, 41, 44, 52, 53

Plaintiff has filed various motions related to discuss issues:

(1) ECF No. 37 – a motion requesting that he be allowed to access video evidence identified in Defendants' initial disclosures;

(2) ECF No. 39 – a motion stating that Defendants failed to provide video evidence from the relevant incidents on April 26, 2023 (at NNCC), and December 16, 2023 (at SDCC), and also objects to the authenticity of video footage that was apparently produced because there are glitches;

(3) ECF No. 40 – a motion requesting Defendants be ordered to provide video evidence from the incidents on April 26, 2023 (NNCC) and December 16, 2023 (SDCC);

(4) ECF No. 41 – a motion requesting responses to Plaintiff's interrogatories;

(5) ECF No. 44 – a motion requesting review of the relevant video footage, but also asserting various inconsistencies in the video footage he apparently was able to review;

(5) ECF Nos. 52 and 52[1] – a motion requesting a complete copy of grievance 20063163295 and the opportunity to review his outside medical records.

---

[1] These filings are identical.

Defendants have responded to some of the motions. (ECF Nos. 42, 46, 57, 58.)

## I. DISCUSSION

Preliminarily, each of these discovery motions is denied because Plaintiff failed to comply with the requirements regarding the "meet and confer" process before filing the motions.

Before filing a discovery motion, the parties must undertake a good faith effort to resolve any dispute. For an incarcerated party, this means sending a written communication to opposing counsel explaining, with specificity, the discovery dispute, and requesting to hold a telephonic meet and confer session. Then, if the meet and confer session is unsuccessful in reaching a resolution of the dispute, a party seeking to compel discovery may file a discovery motion. That motion must include a declaration providing the details and results of the meet and confer conference and the full text of each discovery request and disputed response at issue. *See* Fed. R. Civ. P. 37(a)(1), (3); Scheduling Order, ECF No. 22 at 5; Local Rule (LR) IA 1-3(f); LR 26-6(c). The failure to engage in the required meet and confer before filing a motion is grounds to deny the motion. LR IA 1-3(f)(4).

In an effort to try to avoid the filing of further motions to compel, the court will briefly address the issues raised by Plaintiff.

*Interrogatories*: Plaintiff sought an order compelling responses to interrogatories. Defendants indicated in their response that they were never served with interrogatories. In any event, defense counsel agreed that Plaintiff could re-serve separate interrogatories on each Defendant, instead of one set on all Defendants. If Plaintiff finds deficiencies with the responses to the interrogatories, he should outline those in a written communication to defense counsel and request a meet and confer telephone conference to attempt to resolve the issues before filing any discovery motion.

*Video evidence*: It appears that Plaintiff was permitted to review at least some video evidence since he raises various challenges to its authenticity and what he claims are inconsistencies with the footage. In any event, defense counsel agreed to investigate Plaintiff's claims that the video footage is incomplete or does not reflect all available video evidence. Defense counsel shall ensure that it gets back to Plaintiff on this issue. If Plaintiff believes there is still an issue about the production of the video evidence, he shall meet and confer with defense counsel before filing any further motion. Moreover, it is not appropriate to raise claims about inconsistencies in the video footage in a discovery motion. Plaintiff may raise these arguments in a dispositive motion or response to a dispositive motion where the evidence is relied on by the defense, such as a motion for summary judgment, or at trial.

*Grievance 20063163295*: Plaintiff asks for a complete copy of this grievance, but defense counsel represents that it has been provided to Plaintiff.

*Medical Records*: Plaintiff asks the court to order that he be allowed to review his relevant medical records. Defense counsel indicates Plaintiff's medical records were disclosed and sent to the warden's office at SDCC, and Plaintiff was instructed to kite to review the records. Defense counsel reached out to staff at SDCC to determine when Plaintiff kited to review the records, and will ensure Plaintiff is provided an opportunity and sufficient time to review the records. Defense counsel shall follow up on the status of Plaintiff's review of the records. In addition, the court notes that Plaintiff has now moved to HDSP, so defense counsel shall ensure Plaintiff has access to review his medical records there if his review has not already occurred.

///

///

3

## II. CONCLUSION

Plaintiff's motions at ECF Nos. 37, 39, 40, 41, 44, 52, and 53 are **DENIED**.

Within ten (10) days of this order, Defense counsel shall follow up with Plaintiff regarding the issues discussed above concerning the video evidence and Plaintiff's review of relevant medical records.

Plaintiff shall not file any future discovery motions without first complying with the court's requirement to meet and confer with defense counsel to attempt to resolve any discovery dispute.

**IT IS SO ORDERED**.

Dated: February 26, 2026

_____
Craig S. Denney
United States Magistrate Judge

4