**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JACOB WOODS,

    Plaintiff

v.

WARDEN BREITENBACH, et al.,

    Defendants

Case No.: 3:23-cv-00635-MMD-CSD

**Order**

Re: ECF No. 51

Plaintiff has filed a motion seeking the appointment of counsel. (ECF No. 51.)

"[A] person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

In his motion, which appears to have been drafted by another inmate, Plaintiff states that his condition has diminished, he is losing mobility, and he cannot continue to represent himself in this action.

Plaintiff does not address his likelihood of success on the merits, but the court is concerned about his claims about the deterioration in his health. Therefore, before addressing the motion, the court will require Defendants to provide a response and submit Plaintiff's *recent* medical records under seal that reflect what he represents is compression of the spinal cord at C-4 to C-7, the deterioration of motor skills on the left side, and any restrictions concerning his physical abilities. At that point, the court will determine whether to have a hearing on Plaintiff's motion or issue an order.

## CONCLUSION

On or before **March 12, 2026**, Defendants shall provide a response to Plaintiff's motion for appointment of counsel (ECF No. 51), and file **under seal** Plaintiff's *recent* medical records (in the last year) that reflect what he represents is compression of the spinal cord at C-4 to C-7, the deterioration of motor skills on the left side, and any restrictions concerning his physical abilities. At that point, the court will determine whether to have a hearing on Plaintiff's motion or issue an order.

**IT IS SO ORDERED**.

Dated: February 26, 2026

_____
Craig S. Denney
United States Magistrate Judge

2