**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JACOB WOODS,

Plaintiff

v.

OMLER, et al.,

Defendants

Case No.: 3:23-cv-00635-MMD-CSD

**Order**

Re: ECF Nos. 90, 92

Plaintiff has filed a motion for the court to intervene and provide him with ECF Nos. 53-87 which he claims were not issued to him while he was in the hospital. (ECF No. 90.) He later corrected this to reflect that he wants copies of ECF Nos. 63-87. Defendants filed a response. (ECF No. 91.) Plaintiff filed a motion for leave to file a reply. (ECF No. 92.)

Plaintiff did not need to seek leave to file a reply brief. Therefore, Plaintiff's motion for leave to file a reply (ECF No. 92) is denied. However, the court has considered ECF No. 92 as Plaintiff's reply.

Insofar as Plaintiff requests copies of ECF Nos. 63-87 (ECF No. 90), his motion is granted in part. The Clerk will be directed to send Plaintiff a copy of the docket as well as copies of ECF Nos. 65, 66, 85, 85-1 to 85-4, 86 and 87. The remaining docket entries are not substantive in nature. The court notes that ECF No. 67-1 contains medical records filed under seal in connection with Plaintiff's motion for appointment of counsel. Plaintiff was required to kite the warden to review those documents, and the court will not send them directly to Plaintiff.

This motion also states that his 1200-page surgery report has not been disclosed to him, nor the original video footage with a bates label. Plaintiff claims the video footage he was provided has been edited.

Defendants respond that Plaintiff appears to improperly seek to reopen discovery, though it is not clear whether he claims that he was not provided his medical records or he has been unable to review them. They reiterate that they disclosed his medical records in connection with their initial and supplemental disclosures. In his reply, Plaintiff states he is not seeking to reopen discovery but to review his medical records.

It is not clear that Plaintiff received Defendants' motion for summary judgment and exhibits as a result of his transfer between NDOC facilities. Therefore, the court will provide Plaintiff an extension of time to file his response to the motion. The court will give Plaintiff an opportunity to kite to review his medical records and the Attorney General's Office shall ensure Plaintiff is given sufficient time to review his records in advance of the deadline to file his response to the motion for summary judgment.

The court will address Plaintiff's statements regarding the video footage in connection with his laches motion (ECF No. 87) which also raises this issue.

## CONCLUSION

Plaintiff's motion for leave to file a reply (ECF No. 92) is **DENIED**; however, the court has considered ECF No. 92 as Plaintiff's reply.

Plaintiff's motion for the court to intervene (ECF No. 90) is **GRANTED** insofar as the Clerk shall kindly **SEND** Plaintiff a copy of the docket as well as ECF Nos. 65, 66, 85, 85-1 to 85-4, 86 and 87.

Plaintiff's motion (ECF No. 90) is also **GRANTED** insofar as Plaintiff will be given an opportunity to review his medical records and the court will extend the deadline to file a response to the pending motion for summary judgment. Plaintiff's response to the motion for summary judgment is due on or before **December 5, 2026**. The Deputy Attorney General's Office shall ensure Plaintiff has sufficient opportunity to review his medical records related to this litigation before that deadline, including the operative report from UMC, assuming it is relevant to this action.

**IT IS SO ORDERED**.

Dated: October 22, 2026

Craig S. Denney
United States Magistrate Judge